**Betty BERNSTEIN et al., Appellants,**

v.

**Robert LEVENSON et al., Appellees.**

**No. 14631.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1971.

Decided Feb. 3, 1971.

———◆———

Philip T. Goldstein, Phoenix, Ariz. (Stanley E. Preiser and Preiser, Greene, Hunt & Wilson, Charleston, W. Va., David J. Joel and Riley & Yahn, Wheeling, W. Va., on brief), for appellants.

Joseph A. Gompers, Wheeling, W. Va., and Abraham Pinsky, Wellsburg, W. Va. (Gompers & Buch, Wheeling, W. Va., and Pinsky, Mahan, Barnes, Watson, Cuomo & Hinerman, Wellsburg, W. Va., on brief), for appellees.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

The plaintiffs in a stockholders' derivative action appeal from an order dismissing their complaint on the ground that they had failed to establish that the amount in controversy exceeded $10,000, as required by 28 U.S.C. § 1332. The suit sought recovery of $545,955 on behalf of the corporation, but admittedly the plaintiffs' pro rata share of these damages, measured by their stockholdings, was jointly only $8,145.30. The district court, relying principally on Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), held the plaintiffs' portion of the damages could not be aggregated with the damages of other stockholders to satisfy the jurisdictional amount.

■ In a stockholders' derivative action the corporation, not the complaining shareholder, is the real party in interest, and the jurisdictional amount is measured by the damage sustained by the corporation. Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 522, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). Snyder v. Harris, *supra*, which dealt with non-derivative class actions under F.R.Civ.Proc. 23 did not change *Koster*'s well-established principles that govern derivative actions under Rule 23.1. Wright, Federal Courts, § 73 (2d ed. 1970). Since the complaint alleged the corporation's loss was in excess of $10,000, the action should not have been dismissed for lack of jurisdiction.

■ The defendants urge us to sustain the dismissal of the complaint by resorting to the provision of Rule 23.1 which states: "The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Their theory seems to be that if the plaintiffs are not qualified to bring a stockholders' derivative suit, the damages suffered by individual stockholders cannot be aggregated and the action should be dismissed under Snyder v. Harris, *supra*. Indeed, they suggest that this reasoning was implicit in the district court's opinion. The difficulty with this theory is twofold. The defendants did not articulate this defense in their motions to dismiss, and the district court made no finding that the plaintiffs did not fairly and adequately represent the interests of the shareholders. Significantly, the defendants did not request the court to amend its findings to rule on the issue which they now raise.

Finally, there is no warrant for concluding that the district judge implicitly found the plaintiffs unqualified to maintain a derivative suit. Had this been so, there would have been no occasion for the district judge to discuss aggregation of the shareholders' claims. The question of aggregating the claims of the named plaintiffs was never an issue, since they totaled only $8,145.30. Nor can we assume, as the defendants suggest, that the district court treated this case as a class action under Rule 23. It would have been unusual, indeed, for the district court to have held that the plaintiffs could not qualify under Rule 23.1 and simultaneously to have held that they could fairly and adequately protect the shareholders as required by Rule 23(a) (4)—all without a word of explanation. Moreover, it is apparent that the complaint stated a derivative action under Rule 23.1 and not a class action under Rule 23.

The judgment is reversed.